BLANCA R. SANTIAGO, Petitioner *v.* THE COURT OF FIRST INSTANCE OF PUERTO RICO, SUPERIOR COURT, SAN JUAN PART, JESÚS A. GONZÁLEZ, JUDGE, Respondent. RAQUEL R. DEXTER, Intervener.

No. 1991. Argued May 27, 1953.—Decided July 22, 1953.

*Heriberto Torres Solá* for petitioner. *F. Fernández Cuyar* for intervener.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Blanca R. de Santiago alleged in an amended complaint filed in the former District Court of Puerto Rico, San Juan Section, that she is "one of the sole universal heirs" of León Ramos Buist, who died in September, 1930; that on August 26, 1930 he "simulated a sale" by deed of an urban property, to codefendant Luz M. R. Duncan, one of his daughters,

and that at the time the property was encumbered by a mortgage constituted in favor of the other codefendant Raquel R. Dexter, another daughter of Ramos Buist. The mortgage involved the amount of $3,000 principal, plus interest at the rate of 10 per cent per annum; that on November 12, 1936, the defendant Raquel R. Dexter acquired "from Luz M. R. Duncan, the other defendant, an alleged title of sale on the urban property described in the preceding second paragraph, codefendant Raquel R. Dexter being personally aware at the execution of the deed, and for many years before, that the property which she allegedly acquired belonged to the afore-mentioned heirs of León Ramos Buist; that she was likewise aware that the simulated conveyance made by Mr. Ramos Buist in favor of Luz M. R. Duncan was carried out with the knowledge of the children of the former who were of legal age, and while he was in poor health, and in order to protect the patrimony on behalf of his children against an impending suit filed shortly thereafter which terminated by a settlement after protracted litigation and incidents; and that defendant Dexter was also aware that the other defendant surnamed Duncan did not pay to the alleged vendor Mr. Ramos Buist any amount, thing or consideration whatsoever as the price for the alleged sale."

The amended complaint contains two other causes of action as to damages and fruits.

Defendant Luz M. R. Duncan appeared by brief and did not deny the facts alleged in the complaint, consenting to judgment against her, and stating that the facts alleged in the complaint are known to her and that when she transferred the property to Raquel R. Dexter on November 12, 1936 "defendant Dexter had knowledge that the title in favor of the executing party was nonexistent and that the property in question belonged to the heirs of the deceased León Ramos Buist."

Before filing an answer, codefendant Raquel R. Dexter presented a motion for summary judgment, alleging that

there was no real controversy as to the material facts, and attaching to the motion certified copies of the deeds executed on August 26, 1930 and November 12, 1936, the very deeds which had been mentioned and challenged in the amended complaint. In the first deed executed on August 26, 1930, it is stated that Ramos Buist sells the property to Luz María Ramos; that it is encumbered by a mortgage of Three Thousand Dollars constituted in favor of Raquel Ramos widow of Dexter by deed executed on October 11, 1929, and that the selling price in favor of Luz María Ramos is "the stipulated fixed sum of Five Thousand Dollars, which the parties state is the just and true value of the immovable sold herein, of which amount the purchaser deducts the Three Thousand Dollars for the mortgage encumbering the property as stated above; and as to the remaining Two Thousand Dollars, the vendor León Ramos Buist admits having received them from the purchaser prior to this act, in U. S. bank notes of legal tender; I, the Notary, warning them that since the parties confess having received payment of the selling price, no proceeding may be instituted against said confession even if it should subsequently be proved that the delivery of the money, in whole or in part, had not been made."

In the second deed of November 12, 1936, Luz María Ramos sells the same property to Raquel Ramos widow of Dexter, the sale being executed "for the fixed price of Five Thousand Seven Hundred and Fifty Dollars, of which amount Mrs. Raquel Ramos widow of Dexter retains Four Thousand Five Hundred Dollars as payment of the afore-mentioned credit (n.b., the afore-mentioned mortgage) and the accrued interest to date. The remaining One Thousand Two Hundred And Fifty Dollars are delivered in U. S. currency, in my presence and before the subscribing witnesses. Mrs. Luz María Ramos gives a formal receipt to Mrs. Raquel Ramos."

The trial court sustained the motion of petitioner Raquel R. Dexter and rendered the summary judgment requested.

Plaintiff Blanca R. Santiago has attacked that action in this petition for certiorari.

■ The trial court based its decision essentially on the theory that it appears from the two deeds presented that there was sufficient cause for the alienations, especially since it was particularly shown that in the deeds of sale of Ramos Buist to Luz María Ramos, the latter assumed the payment of the mortgage encumbering the property, which contributed sufficient consideration pursuant to the ruling in *Pol v. Suau*, 48 P.R.R. 169, and there being, therefore, according to the trial court, no genuine controversy of issues.

■■ As to the facts in this case, it should be noted, in the first place, that the amended complaint challenges explicitly the validity of the deeds which were presented by the petitioner to defeat the amended complaint itself. Essentially, the actual existence of the deeds is recognized in the amended complaint and it is likewise admitted that certain facts regarding the consideration of the alienations are set forth in the deeds, but it is alleged that the consideration is false, simulated or nonexistent and that the true reason or consideration was Ramos Buist's purpose of saving the property from the consequences of litigation. Those allegations are not overcome by the mere presentation of the deeds themselves, since their existence, at any rate, is recognized in the amended complaint. The issue raised in the amended complaint does not refer to the legal sufficiency of the consideration stated in the deeds, but it is directed to the veracity and certainty of the statements contained in the deed as to the consideration. The allegations of the plaintiff go beyond the statements appearing in the deeds and mean, clearly speaking, that what is stated in the deeds is untrue. Those allegations are not defeated by the presentation of the very statements which are challenged as untrue. An allegation to the effect that a consideration is apparent and not real is not destroyed by presenting the apparent consideration. The amended complaint has a dual purpose. It

involves an allegation that there was absolutely no consideration and it also involves the allegation that if there was a consideration, it was simulated, the allegation of simulation implying the theory that the transaction had a different cause or reason which might entail the annulment of the transaction. Antonio M. Borrell y Soler, *"Nulidad de los Actos Jurídicos según el Código Civil Español,"* pp. 69, 72, 74, 77, 78, 81. At p. 85 of Borrell y Soler the following is stated:

"Thus the Roman law as well as the Spanish decisions recognize the validity of these contracts. For example, to avoid the bad effect that it has in some members of the family to hear that the person from whom they expect to inherit is making a donation, the donation is sometimes disguised in the form of a contract for a valuable consideration; but the donation is valid if it is neither immoral nor illicit and if the donor is competent to make it and the donee to receive it. In this case the contract is not labelled *simulated,* but dissimulated, as held in the judgment of December 23, 1935 and another of March 3, 1932, which holds that 'although under § 1.276 of the Civil Code *dissimulated* transactions are permissible, that is, valid and licit juridical acts concealed by apparent contracts, but deprived of the specific consideration attached to their existence, it is necessary, in order that they be considered fully effective, to prove not only that the indispensable personal elements of capacity and knowledge were satisfied, as well as the reality of the object of the binding relationships actually agreed upon, but also the real and licit cause of the act that the parties sought to conceal and the fulfillment of the formalities that the law requires where the parties act openly.' Then the judgment states the essential requirements for the validity of a donation inter vivos, which requirements were not present in the case decided because of failure to comply with the provisions of § 633 of the Civil Code. Let us bear in mind the judgment of December 23, 1935."

In the contested deed of August 26, 1930 it is stated that the selling price is Five Thousand Dollars, of which the vendor confessed having previously received Two Thousand Dollars after deducting the remaining Three Thousand Dollars, which

was the amount of the other mortgage already mentioned. The latter was equivalent to the obligation on the part of the alleged purchaser to assume the payment of the mortgage. In the amended complaint it is alleged that the sale is simulated; that said transfer was carried on for the purpose of saving the property from the possible effect of an impending suit, and that the presumptive buyer did not pay any amount, thing or consideration as the price of the alleged sale. That involves an allegation that the statement in the deed to the effect that Ramos Buist had previously received Two Thousand Dollars from the alleged purchaser is false, which gives rise to a question of fact which has not been overcome by the presentation of the deed itself. As to the remaining Three Thousand Dollars, it is true that to assume the payment of a mortgage constitutes a legally sufficient consideration. *Pol* v. *Suau, supra.* But we have seen that the legal sufficiency of what appears as a consideration is not attacked in the complaint. The attack is directed against the truth and certainty of the statement made in the deed, that is, that it is false that the alleged purchaser had assumed the mortgage, or that there remained Three Thousand Dollars since there was no selling price, that is, that the actual transaction as well as the purpose, motive or intention of the parties was a different one. The reality of the transaction, and whether the consideration stated was real or apparent, entail questions of fact in issue, and the controversy is not eliminated by proof of the statements in the deed, since it is precisely against those statements that the challenge is made.

The trial court erred in rendering a summary judgment which should be vacated. We must make clear that we are not anticipating any opinion on the intrinsic merits of this case, nor on the findings of fact involved. We merely decide that a genuine controversy of facts appears from the record

which prevents a summary judgment, a controversy which has not been eliminated by the mere presentation of deeds whose very veracity is challenged.

The order and the judgment appealed from will be vacated, and the case remanded to the trial court for further proceedings not inconsistent with this opinion.

Mr. Justice Belaval did not participate herein.